# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

JPMORGAN CHASE BANK,
NATIONAL ASSOCIATION

       Plaintiff,

        v.

ELLIOT A.R. ORTIZ,

and

MARGARET SANTOSTEFANO

      Defendants.

Civil Action No. 3:13-CV-00554

(Judge Kosik)

FILED
SCRANTON

JAN 0 5 2015

PER _____
DEPUTY CLERK

## MEMORANDUM

Before this court is Plaintiff's Motion for Summary Judgment in the above-captioned mortgage foreclosure action. For the reasons which follow, the Plaintiff's motion will be granted.

### I. FACTUAL BACKGROUND

The instant action relates to real property located at 120 Lake Drive, Henryville, Pennsylvania ("Subject Property"). (Doc. 31, Pl.'s SMF, at ¶ 1.) Defendants are the record owners of the Subject Property. (Id. at ¶ 2.)

On October 7, 2008, Defendants borrowed the principal sum of $275,115 from Surepoint Lending abn First Residential Mortgage Network, Inc. (Id. at ¶ 3.) Defendants executed a promissory note and a mortgage for the amount of $275,115, on October 7, 2008. (Id. at ¶¶ 4,5.)

Plaintiff is the current holder of the Mortgage and Promissory Note, and is in possession

of the same. (Id. at ¶¶ 7-9.)  Plaintiff received and recorded an Assignment of Mortgage prior to the commencement of this action. (Id. at ¶ 10.)

The terms of the Note and Mortgage require Defendants to repay the mortgage loan, with interest, in monthly installments of principal and interest beginning on December 1, 2008, and continuing through the maturity date of November 1, 2038. (Id. ¶ 11.)  Defendants failed to make a mortgage loan payment that was due on February 1, 2010. (Id. at ¶ 13.)  On November 9, 2010, Defendants were provided with a pre-foreclosure notice, advising them of the default and steps required to cure the same. (Id. at ¶ 14.)  As of March 24, 2014, Defendants owed Plaintiff a total amount of $377,817.54 under the Mortgage and Promissory Note. (Id. at ¶ 15.)

## II. PROCEDURAL HISTORY

On February 27, 2013, Plaintiff filed the Complaint (Doc. 1) and initiated this mortgage foreclosure action against Defendants.  On April 12, 2013, Plaintiff filed a Motion for Default Judgment (Doc. 5).  An Entry of Default was entered as to Defendants (Doc. 7) on April 17, 2013, and Default Judgment was entered in favor of Plaintiff (Doc. 8) on April 18, 2013.  On May 13, 2013, the parties filed a Joint Stipulation to Set Aside Default (Doc. 11).  The Court granted that motion by Order dated May 16, 2013 (Doc. 12).  On June 20, 2013, Defendants filed an Answer (Doc. 14).  Defendants' attorney withdrew on January 13, 2014 (Docs. 24-26), and Defendants proceeded *pro se*.

On April 7, 2014, Plaintiff filed a Motion for Summary Judgment (Doc. 29), brief in support (Doc. 30), and a Statement of Material Facts ("SMF") (Doc. 31).  Defendants did not reply to the motion.  The Court held a status conference on May 29, 2014, at which time, Defendants informed the Court that they were seeking a short sale.  At the conference, the Court

2

also brought the Motion for Summary Judgment and the lack of response, to Defendants'
attention.  On June 17, 2014, Plaintiff advised the court that Defendants' request for approval of
a short sale of the mortgage property was denied, and requested that the Motion for Summary
Judgment be ruled upon (Doc. 35).  The Defendants never responded to the motion.  Regardless,
the motion is ripe for disposition.

### III. STANDARD OF REVIEW

Summary judgment is appropriate when "the pleadings, depositions, answers to
interrogatories, and admissions on file, together with the affidavits, if any, show that there is no
genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of
law." FED. R. CIV. P. 56(c).  An issue is "genuine" if there is sufficient evidence with which a
reasonable jury could find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S.
242, 248 (1986); Childers v. Joseph, 842 F.2d 689, 693-94 (3d Cir. 1988) (citing Anderson, 477
U.S. at 248).  A factual dispute is "material" if it might affect the outcome of the case.
Anderson, 477 U.S. at 248.  In determining whether an issue of material fact exists, the court
must consider the evidence in the light most favorable to the non-moving party. Skerski v. Time
Warner Cable Co., 257 F.3d 273, 278 (3d Cir. 2001); White v. Westinghouse Elec. Co., 862 F.2d
56, 59 (3d Cir. 1988).

A party seeking summary judgment always bears the initial burden of informing the court
of the basis of its motion and identifying those portions of the record that it believes
demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S.
317, 322 (1986).  The non-moving party then has the burden to "come forth with 'affirmative
evidence, beyond the allegations of the pleadings,' in support of its right to relief." U.S. Bank,

3

Nat'l Ass'n v. Greenfield, Civ. Action No. 1:12-CV-2125, 2014 WL 3908127, *2 (M.D. Pa.

Aug. 11, 2014) (quoting Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004)).

"If a party fails to properly support an assertion of fact or fails to properly address another party's

assertion of fact as required by Rule 56(c)," a court may grant summary judgment or consider the

fact undisputed for purposes of the motion. Fed. R. Civ. P. 56(e)(2-3).

## IV. Discussion

In determining whether Plaintiff is entitled to summary judgment for this mortgage

foreclosure action, we look to Pennsylvania Rule of Civil Procedure 1147. Rule 1147 requires a

mortgage foreclosure complaint to include the following:

> (1) the parties to and the date of the mortgage, and of any assignments, and a statement of the place of record of the mortgage and assignments;
>
> (2) a description of the land subject to the mortgage;
>
> (3) the names, addresses and interest of the defendants in the action and that the present real owner is unknown if the real owner is not made a party;
>
> (4) a specific averment of default;
>
> (5) an itemized statement of the amount due; and
>
> (6) a demand for judgment for the amount due.

Pa. R. Civ. P. 1147. In a mortgage foreclosure action, summary judgment is appropriate if the

mortgagors "admit that the mortgage is in default, that they have failed to pay interest on the

obligation, and that the recorded mortgage is in the specified amount." Cunningham v.

McWilliams, 714 A.2d 1054, 1057 (Pa. Super. Ct. 1998) (citing Landau v. W. Pa. Nat'l Bank,

282 A.2d 335, 340 (Pa. 1971)). Summary judgment may be granted "even if the mortgagors

have not admitted the total amount of the indebtedness in their pleadings." Id.

Plaintiff asserts that there is no genuine issue of material fact because Defendants admitted to all of the factual elements necessary for an entry of summary judgment. Plaintiff asserts that Defendants' Answer provided no facts to refute the existence of the mortgage, that Defendants had not made payment, or that amounts were not due and owing thereunder. Additionally, Plaintiff asserts that Defendants effectively admitted their default in their Affirmative Defenses, by discussing the request for a loan modification to bring the loan current.

In their Answer, Defendants only admitted that they are the owners of the property that is the subject matter of the foreclosure action. Defendants specifically denied the authenticity of all instruments and documents, and the validity of all signatures and the authority of all signors of all instruments and documents. Defendants then made a general denial of "each and every other allegation." Defendants did note that they submitted an application for loan modification, and requested a stay in the case until the servicers could properly process the modification.

We first note that under Rule 8(b)(2) of the Federal Rules of Civil Procedure, a denial must fairly respond to the substance of the allegation. Additionally, Defendants, the non-moving party, must properly address Plaintiff's assertion of fact in responding to the motion for summary judgment. Although Defendants are no longer represented by counsel, they are still required to conform to the requirements of the Federal Rules of Civil Procedure.

Defendants admitted that they are the owners of the subject property. Additionally, Defendants admitted to submitting a loan modification application and requested a stay in the case. Plaintiff correctly points out that a request for a loan modification is not a defense to a foreclosure action. Plaintiff does not have an obligation to modify the mortgage upon default. See Greenfield, 2014 WL 3908127, *3; see also Wells Fargo, N.A. v. Litus, Civ. Action No.

3:12-CV-2124, 2014 WL 1204938, *3 (M.D. Pa. Mar. 24, 2014). Lastly, Defendants failed to properly address Plaintiff's assertions of facts with any affirmative evidence.

Plaintiff also argues that Defendants' Affirmative Defenses do not have any merit. We agree. Defendants' Affirmative Defenses include (1) Plaintiff does not have standing to bring this action; (2) Plaintiff has not established capacity to bring this action; (3) failure of contractual condition precedent; (4) Unclean Hands and Unjust Enrichment; (5) Federal Truth in Lending Act ("TILA") claims; (6) Pennsylvania's Fair Credit Extension Uniformity Act ("PFCEUA") claims; and (7) Plaintiff's Complaint is not properly verified.

Plaintiff first addresses Defendants' First, Second and Fourth Affirmative Defenses, which challenges Plaintiff's standing to pursue the present action. Under Pennsylvania law, a plaintiff has standing if it possesses the Note. See Greenfield, 2014 WL 3908127, *3 (citing cases). There is no dispute that Plaintiff is in possession of the Note. Plaintiff attached the Note (Doc. 1, Compl., Ex. B) to the Complaint. Plaintiff further received and recorded an Assignment of Mortgage on October 9, 2012 (Doc. 29, Pl.'s MSJ, Ex. C). Therefore, we find that Plaintiff has standing to pursue this mortgage foreclosure action.

Plaintiff then addresses Defendants' Third Affirmative Defense, that Plaintiff failed to give proper notice prior to bringing the present action. Plaintiff attached the notice that was sent to Defendants on November 9, 2010, to the Complaint and Motion for Summary Judgment. (Doc. 1, Compl., Ex. C; Doc. 29, Pl.'s MSJ, Ex. F.) Defendants do not present specific facts to support their argument. We find that Plaintiff did provide proper notice pursuant to 41 P.S. § 403.

Plaintiff next responds to Defendants' Fifth and Sixth Affirmative Defenses, which allege

that Plaintiff violated the TILA and PFCEUA.  Plaintiff argues that both claims are time-barred,

since there is a one-year statute of limitations for TILA claims, with a three year right of

rescission, and a two-year statute of limitations for violations of the PFCEUA.  The mortgage

loan originated on October 7, 2008; therefore, Defendants are not within the statute of limitations

for those claims.

Lastly, Plaintiff responds to Defendants' Seventh Affirmative Defense, that the

Complaint was not properly verified in accordance with Pennsylvania Rule of Civil Procedure

1024(c).  Plaintiff argues that even though the Pennsylvania procedural rule does not apply in

federal court, the Complaint was verified in accordance with the rule.  We agree.

We find that there is no genuine issue of material fact as to the instant mortgage

foreclosure.  Therefore, Plaintiff is entitled to judgment as a matter of law.

### V. CONCLUSION

For the reasons set forth above, we will grant Plaintiff's Motion for Summary Judgment.

An appropriate order is attached.